## Huston *against* Davidson.

Articles of agreement to let land on a certain ground-rent for ever, with covenant for its payment free of taxes, the grantor to execute a deed or deeds when the ground is improved by buildings. The land not being improved, nor the rent paid, the grantor obtains judgment against the grantee in an action of covenant, and sells the ground on an execution, and becomes the purchaser. *Held,* that the grantee was discharged from his covenant.

ERROR to the District Court of the City and County of *Philadelphia,* to set aside an execution issued on a judgment in that court, in which Nathan Davidson was plaintiff and Robert M. Huston defendant.

The plaintiff, Davidson, brought his action of covenant against the defendant, Huston, and obtained judgment; and after execution had issued, a case was stated for the opinion of the court below, subject to a writ of error, as follows : —

N. Davidson and Dr R. M. Huston, on the 14th March 1835, executed the annexed agreement (prout agreement). Huston, soon after his purchase, sold the lot to E. B. Guarrigues, who paid the ground-rent up to October 1841. No improvements were erected on the lot, nor were any ground-rent deeds to third persons made by Davidson under the provisions of this agreement. Upon the failure of Guarrigues to pay the rent after October 1st, 1841, Davidson called upon Huston for it, and upon his pleading inability, commenced a suit in covenant against him (D. Ct. Sept. 1842 — 1458), and on the 26th November 1842, judgment was obtained against Huston for want of an affidavit of defence, and damages were subsequently assessed at $413.09, for the arrears and interest due at the commencement of the action. Under this judgment the lot was sold by the sheriff [subject to the ground-rent], and produced $70, Davidson being the purchaser to whom the deed was made. Huston afterwards refused to take the lot subject to the ground-rent, and pay the amount it brought at the sale. Upon obtaining the title, it was found that the lot was subject to $43.16 taxes, for the year 1842, and to a lien for paving done by the district of Spring Garden, amounting to $515.68, with interest, of which $28.10 were paid from the proceeds of

sheriff's sale, and the balance, $487.58, afterwards paid by Davidson. A *fieri facias* has been issued on the judgment against Huston to Sept. Term, 1843, and the question is, whether the plaintiff is entitled to collect the balance of his judgment under this writ.

The following are the articles of agreement above referred to: —

" Articles of agreement made and concluded upon this 14th day of March, 1835, between Nathan Davidson, of the district of Spring Garden, in the county of Philadelphia, of the one part, and Robert M. Huston, M. D., of the city of Philadelphia, of the other part, witnesseth, that the said Nathan Davidson agrees to let on ground-rent for ever, to the said R. M. Huston, a certain lot or piece of ground situate in the district of Spring Garden aforesaid, beginning at the south-east corner of Broad and Coates streets, and extending, &c., for and in consideration of the ground-rent and taxes, and on the terms and conditions hereinafter mentioned, that is to say: The said R. M. Huston agrees to pay to the said Nathan Davidson, his heirs or assigns, the yearly rent or sum of $405, in equal half yearly payments, on the first days of April and October in each and every year for ever, or until the principal sum, computed at the rate of sixteen years and two-thirds purchase, is paid, without any deduction for taxes on the said premises; the first half-yearly payment to be made on the first day of April, 1836. And it is further agreed between the said parties, that for such part or parts of the said lot as may be be let out by the said R. M. Huston, whenever the same shall be improved by brick buildings, or the ground-rents guaranteed to the satisfaction of said N. Davidson (said ground-rents not to be less than the rateable proportion of the ground-rent on the whole lot), he the said Nathan Davidson will give a deed or deeds therefor, at the request, in writing, of the said R. M. Huston, said ground-rent deed or deeds to contain the usual covenant and claims, and a provision for the extinguishment of the ground-rents thereby reserved, at any time within ten years from the date of said deeds respectively. And whenever the said ground-rents on the lots so let out and improved or guaranteed as aforesaid shall amount to the aforesaid yearly rent or sum of $405, free of all taxes or assessment whatsoever, then and in such case, if any part of the said large lot remains to the said R. M. Huston, a deed in fee-simple to the said R. M. Huston, his heirs and assigns, shall be made for the same by the said Nathan Davidson: and it is further understood and agreed that the deeds for the above lots shall be made and executed to R. M. Huston, or to such person or persons as he may in writing direct, as aforesaid, on or before the 1st day of January 1838. And the said R. M. Huston, for himself, his heirs, executors and administrators, doth hereby covenant and agree to and with the said Nathan Davidson, his heirs and assigns, by these presents, that he will well and truly pay the rent afore-

said, or so much thereof as may not be secured under ground-rent deeds, as aforesaid, unto the said N. Davidson, his heirs and assigns, without any deduction, defalcation or abatement for any taxes, charges or assessment whatsoever. And for the just and true performance and observance of their respective covenants and agreements aforesaid, the said parties hereto do mutually bind themselves, their respective heirs, executors and administrators, each unto the other firmly by these presents. In witness whereof," &c.

The court below decided in favour of the plaintiff, and this was now assigned for error.

*Price*, for plaintiff in error.
*Williams* contra.

PER CURIAM. — This case is not to be distinguished in principle from *Chew* v. *Mather*, in which it was held that a vendor's purchase of the vendee's equity is a virtual dissolution of the contract. Here the purchase back of the equitable estate of the ground tenant made it impossible for the ground landlord to execute the contract, and consequently deprived him of his right to enforce the covenant which was the consideration of it. The court, therefore, ought to have restrained him from proceeding on his judgment.

Execution set aside.